**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCIA GABRIELA LOPEZ MATUTE, AKA Francis Juarez Lopez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  18-71844 <br><br> Agency No. A077-409-710 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021**
Submission Withdrawn March 1, 2021
Resubmitted August 25, 2021
Pasadena, California

Before:  KLEINFELD, HIGGINSON,*** and OWENS, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***     The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Francia Gabriela Lopez-Matute, a native of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1. Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Lopez-Matute first argues that the Immigration Judge ("IJ") lacked jurisdiction to order her removed because the original charging document—the "Notice of Referral to an Immigration Judge"—defectively failed to mention the time, date, or place of her hearing. But *Pereira* was a "narrow" holding that focused only on the information needed in a Notice to Appear ("NTA") to trigger the stop-time rule. *Pereira*, 138 S. Ct. at 2110, 2113-14. It did not address jurisdiction. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020). Moreover, we have recently held that in the context of NTAs, "the jurisdiction of the immigration court vests upon the filing of an NTA, even one that does not at that time inform the alien of the time, date, and location of the hearing." *United States v. Bastide-Hernandez*, 3 F.4th 1193, 1196 (9th Cir. 2021); *see also United States v. Gonzalez-Valencia*, 3 F.4th 1208, 1210 (9th Cir. 2021). The same principle applies to Notices of Referral.

"Jurisdiction . . . either exists or it does not." *Bastide-Hernandez*, 3 F.4th at 1196. Both NTAs and Notices of Referral are considered "charging document[s]," 8 C.F.R. § 1003.13, and "[j]urisdiction vests . . . when a charging document is filed with the Immigration Court," *id.* § 1003.14(a). Thus, we conclude that the IJ had jurisdiction to order Lopez-Matute removed.

2. Lopez-Matute next challenges the BIA's denial of her withholding claim. The BIA determined she had not met her burden of showing it is "more likely than not" that she would be persecuted on account of membership in her proposed family-based particular social group if returned to Honduras because she failed to demonstrate (1) her fear was "objectively reasonable," and (2) the nexus requirement. *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b)(2); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). Lopez-Matute has been away from Honduras for roughly 25 years and does not meaningfully challenge the BIA's conclusion regarding her lack of an objectively reasonable fear. Thus, even if she satisfied the nexus requirement, the record would not compel a conclusion contrary to the BIA's.

3. Finally, Lopez-Matute challenges the BIA's denial of her CAT claim. To qualify for CAT relief, Lopez-Matute must show (1) it is "more likely than not" that she would be tortured if removed to Honduras, 8 C.F.R. § 208.16(c)(2), and (2) the torture would be inflicted with government acquiescence, *see id.*

3

§ 208.18(a)(1). Lopez-Matute has not met either requirement, and her 25-year period away from Honduras undermines her ability to show likelihood of torture. Thus, substantial evidence also supports the BIA's denial of her CAT claim.

The petition for review is **DENIED**.